SIEGBERT LEWIN, Respondent, *v.* AARON HECHT, Appellant.

First Department, July 13, 1917.

Principal and agent — action by broker to recover commissions for procuring purchaser for stock of corporation to be formed — complaint — sufficiency of allegations as to false statements by defendant in reliance upon which purchasers refused to take stock.

Where a broker, in an action to recover commissions for procuring a purchaser for stock of a corporation to be formed, alleges that by reason of the false statements and representations made by the defendant purchasers refused to buy the stock, he must also allege, in order to recover, that said representations were communicated to the proposed purchasers, and that they relied upon the truth thereof when they accepted the proposition to buy and pay for the stock.

The plaintiff can recover only after alleging and showing that fact and showing further that the purchasers refused to buy the stock because of the falsity of the representations.

APPEAL by the defendant, Aaron Hecht, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of January, 1917, denying his motion for judgment on the pleadings, consisting of a complaint and answer.

*George H. Engelhard,* for the appellant.

*William R. Hill,* for the respondent.

DAVIS, J.:

The action is to recover broker's commissions claimed to have been earned by plaintiff's assignor in procuring a purchaser for $1,000,000 par value of stock of a corporation to be formed.

The complaint alleges that the defendant employed plaintiff's assignor to aid him in the forming of a corporation to take over the business of the Thomson Electric Welding Company and the American Electric Welding Company and requested plaintiff's assignor to procure the necessary capital for the new company by securing a purchaser for $1,000,000

par value seven per cent cumulative preferred shares of the new company at eighty per cent of the par value of said shares, representing at the time that he, the defendant, through certain officers and directors of the Thomson Electric Welding Company, controlled ninety per cent of the outstanding stock of the said company, and that these directors and officers (naming them) would act as officers and directors of the new corporation.

The complaint further alleges that the defendant agreed to pay the plaintiff's assignor the fair and reasonable value of his services in the event of plaintiff's assignor's securing a purchaser of the preferred stock of the new corporation, at not less than eighty per cent of its par value; that thereupon, the plaintiff's assignor, in reliance upon said representations and agreement to pay him for his services, agreed to devote his time and services to secure the said capital, and that on or about the fifteenth day of May the plaintiff's assignor secured, as purchasers of the said stock, certain parties, who were ready, willing and able to pay the purchase price therefor, to wit, $800,000.

The complaint further alleges that the statements and representations made by the defendant were false and that by reason of their falsity the said purchasers refused to buy the stock. The complaint then alleges the demand for the payment of $20,000 as the fair and reasonable value of plaintiff's assignor's services.

It will be observed that this complaint nowhere alleges that the representations made by the defendant were ever communicated to the proposed purchasers, and that the purchasers relied upon the truth of these representations when they accepted the proposition to buy and pay for the stock. In other words, there is no allegation that the plaintiff's assignor secured a purchaser who was ready, willing and able to buy the stock upon the terms proposed by the defendant.

The plaintiff can recover only after alleging and showing that fact and showing further that the purchasers refused to buy the stock because of the falsity of the representations. (*Dotson* v. *Milliken,* 209 U. S. 237; *Schweid* v. *Storandt,* 157 App. Div. 855; affd., 217 N. Y. 637.)

The order must be reversed, with ten dollars costs and dis-

bursements, and the motion for judgment on the pleadings granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.